UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
GEORGE BEASLY,

                Plaintiff,

      -against-                    MEMORANDUM AND ORDER
                                 05-CV-1381 (JS)(WDW)


ROSENBLUM, M Attorney at Law,
SUFFOLK COUNTY CORRECTIONAL FACILITY,
NEW YORK STATE DEPARTMENT OF PAROLE,
OFFICE OF THE SUFFOLK COUNTY DISTRICT
ATTORNEY,

                Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:       George Beasly, Pro Se
                   111 Second Ave
                   Bayshore, N.Y. 11706

For Defendants:     No Appearance

SEYBERT, District Judge:

       In an Order dated June 23, 2005, the Court granted
Plaintiff, George Beasly ("Plaintiff") permission to proceed in
forma pauperis but dismissed his Complaint due to a failure to
adequately allege a violation of 42 U.S.C. § 1983.  The Court
granted Plaintiff leave to file an Amended Complaint in order to
re-plead his § 1983 claims.  Pending before the Court is
Plaintiff's proposed Amended Complaint.  For the reasons set forth
herein, Plaintiff's claims against Defendants Rosenblum and The New
York State Department of Parole are DISMISSED WITH PREJUDICE and
Plaintiff's claims against Defendants Suffolk County Correctional
Facility and the Office of the Suffolk County District Attorney are

DISMISSED WITHOUT PREJUDICE.

DISCUSSION

## I.  Plaintiff's Claims Against Defendant Rosenblum

The Amended Complaint constitutes little improvement over its predecessor.  Plaintiff has, once again, failed to sufficiently allege any state action with respect to "his legal retained attorney, Rosenblum, M."  Accordingly, for the reasons set forth in the Court's June 23, 2005 Order, Plaintiff's claims against Defendant Rosenblum are hereby DISMISSED WITH PREJUDICE.

## Plaintiff's Claims Against The Newly Added Defendants

The Amended Complaint adds three new Defendants: Suffolk County Correctional Facility; New York State Department of Parole; and Office of the Suffolk County District Attorney.  The nature of Plaintiff's claims against these Defendants is difficult to decipher.  (See Am. Compl. ¶ 4.)  Plaintiff alleges that they "caused Plaintiff to suffer incarceration after the initial case against him was dismissed in violation of his civil rights."  In addition, Plaintiff alleges that certain of the Defendants have deprived him of various documents relating to a 1996 waiver of indictment that he purportedly executed.  The substance of Plaintiff's claim appears to be that he was improperly incarcerated several years ago.

Plaintiff has failed to set forth a basis for a § 1983 claim against any of the newly added Defendants.  Plaintiff's

claims against Suffolk County Correctional Facility are deficient because, _inter_ _alia_, there is no allegation of a municipal policy or custom of violating Plaintiff's constitutional rights.  See _Monell_ _v._ _Dep't_ _of_ _Soc._ _Svcs._, 436 U.S. 658, 690 (1978). Plaintiff's claims against the Suffolk County District Attorney's Office ("SCDA") are lacking because, _inter_ _alia_, there is no allegation of the SCDA's personal involvement in the deprivation of Plaintiff's rights.  Moreover, any § 1983 claim predicated upon the SCDA's purportedly improper prosecution of Plaintiff is barred by absolute prosecutorial immunity.  See _Bernard v. County of Suffolk_, 356 F.3d 495, 502 (2d Cir. 2004).  Finally, Plaintiff's claims against the New York State Parole Board are barred by Eleventh Amendment immunity.  See _Will v. Michigan Dep't of State Police_, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989); _Huminski_ _v. Corsones_, 396 F.3d 53, 70 (2d Cir. 2004); _Muntaqim v. Coombe_, 366 F.3d 102, 129 (2d Cir. 2004).  The Court notes, however, that a claim for prospective relief against a state official acting in his official capacity is permissible under § 1983.  See _Will_, 491 U.S. at 71 n.10.

Habeas Relief

To the extent Plaintiff seeks to vacate his state conviction pursuant to § 1983, the Supreme Court has ruled that the appropriate procedure for that relief is through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  See _Preiser v._

Rodriquez, 411 U.S. 475, 489-90, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). Accordingly, to the extent that Plaintiff is seeking to vacate his state court conviction pursuant to § 1983, Plaintiff has failed to use the appropriate vehicle for relief.[1]

---

[1] The Court points out that Plaintiff has been released from state custody and, thus, may not be able to satisfy the "in custody" requirement for habeas relief. See Billiteri v. U.S. Bd. of Parole, 541 F.2d 938, 948 (2d Cir. 1976).

<u>CONCLUSION</u>

For the aforementioned reasons, the Court, <u>sua</u> <u>sponte</u>, DISMISSES the Amended Complaint in its entirety. Plaintiff's claims against Defendant Rosenblum and the New York State Department of Parole are DISMISSED WITH PREJUDICE and Plaintiff's claims against Defendants Suffolk County Correctional Facility and the Office of the Suffolk County District Attorney are DISMISSED WITHOUT PREJUDICE. Because the Court is unable to conclude "'beyond doubt that the Plaintiff can prove no set of facts in support of his claim[s]" against Defendants Suffolk County Correctional Facility and the Office of the Suffolk County District Attorney, Plaintiff is GRANTED leave to file an Amended Complaint within thirty (30) days of the date of this Order. <u>Simmons v. Abruzzo</u>, 49 F.3d 83, 86 (2d Cir. 1995) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)). Failure to file an Amended Complaint within thirty days will result in dismissal of this case with prejudice.

SO ORDERED.


/s/ JOANNA SEYBERT
Joanna Seybert U.S.D.J.


Dated: Central Islip New York
       August <u>17</u>, 2005